UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LEW MICHAEL BETTELYOUN,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | 5:23-CV-05050-KES<br><br>ORDER REGARDING MOTION TO STAY, MOTION TO CLARIFY, AND MOTION FOR APPOINTMENT OF COUNSEL |

Petitioner, Lew Michael Bettelyoun, a federal inmate at FCI Sandstone, in Minnesota, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 at pp. 13-74).[1] Bettelyoun filed a verified motion to stay habeas proceedings, motion to stop further briefing and attorney affidavits, supplements to his motions, and a motions to appoint counsel. (Docs. 8,[2] 10, 16, 17, 18, 19, 20, 22, 23, 25). On September 11, 2024, Bettelyoun filed a motion withdraw his previously filed motion to stay proceedings. (Doc. 26).

The pending motions was referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and United States District Court District of South Dakota's local rules, LR 57.11(B).

---

[1] The court cites to documents in Bettelyoun's civil habeas case by citing the docket number. Documents cited from Bettelyoun's underlying criminal case, United States v. Bettelyoun, 5:18-cr-50114-KES, will be cited "CR" followed by the docket number.

[2] Docket 1 at pages 1-12 and Docket 8 appear to be the same documents.

1

## **PROCEDURAL BACKGROUND**

Bettelyoun was charged in a superseding indictment for conspiracy to distribute a controlled substance, carrying a firearm during a drug trafficking offense, and possession of a firearm by a prohibited person. (CR 17).

On October 5, 2018, CJA attorney Stephen Demik began representation of Bettelyoun. (CR 11). On June 19, 2019, Shiloh MacNally appeared as retained counsel for Bettelyoun. (CR 30). On June 20, 2019, Stephen Demik filed a motion to withdraw. (CR 31). On July 6, 2020, MacNally filed a motion to withdraw. (CR 62). On July 9, 2020, Terry Pechota was appointed to represent Bettelyoun. (CR 63). On December 30, 2021, Terry Pechota was terminated from Bettelyoun's case and Katie Thompson was appointed. (CR. 106). Katie Thompson represented Bettelyoun until the conclusion of his case.

Bettelyoun pled guilty, and on July 8, 2022, the district court sentenced Bettelyoun to 120 months in custody on Count 1 and 60 months in custody on Count 2, to run consecutively, and 5 years supervised release. (CR 121, 139). Bettelyoun did not appeal to the Eighth Circuit Court of Appeals.

On July 24, 2023, Bettelyoun filed a "Verified Motion to Stay Habeas Proceedings." (Doc. 1). Along with this motion, Bettelyoun included a "skeletal, or straw motion, under 18 U.S.C. § 2255 which [he filed] as a place holder motion." (Doc. 1 at p. 3). Bettelyoun requested this Court to find his § 2255 motion to be timely and "order this matter is stayed until either the Supreme Court decides Rahami or the extreme investigation into Dereck

Puckett concludes and Bettelyoun has the results; allowing Bettelyoun to flesh out the bare bones of his place holder motion[.]" Id. at p. 10. Bettelyoun's attached "skeletal or straw motion" consists of a sixty-five page document including a fully completed AO 243 form with multiple attached addendum pages.  (Doc. 1 at pp. 13-75).  Upon receipt of Bettelyoun's initial pleading, the court entered an order for service on August 8, 2023, directing the United States to file an answer or responsive pleading.  (Doc. 3).

Thereafter, Bettelyoun again filed an identical "Verified Motion to Stay Habeas Proceedings" which previously accompanied his initial §225 filing. (Compare Docket 8 with Docket 1 at pp. 1-12).  Bettelyoun also filed the Attorney-Client Privilege Waivers which he executed.  (Doc. 9).  Shortly thereafter, Bettelyoun filed another motion to stop further briefing and affidavits until such time as the court ruled on the Verified Motion to Stay. (Doc. 10).  Contained within this pleading was an attachment entitled, "Declaration of Lew Michael Bettelyoun" consisting of a nine page affidavit from Bettelyoun in support of his § 225 motion.  (Doc. 10-1).

The United States filed a Motion for Clarification requesting that "the Court issue an Order clarifying the status of Bettelyoun's various motions, as well as that of his original § 2255 motion.  It further requests the Court provide deadlines for finalization of Bettelyoun's claims, so that the prior attorneys can submit affidavits addressing all claims presented, and the United States may then submit its response to all claims."  (Doc. 12 at p. 3).  Bettelyoun joined in the government's request.  (Doc. 15).

3

In support of his § 2255 motion, Bettelyoun filed a series of supplements. (Docs. 16, 16-1, 18, 18-1, 19, 19-1, 20, and 21). Bettelyoun also filed numerous requests for court appointed counsel. (Docs. 17, 23, and 25). On April 15, 2024, Bettelyoun filed a letter with the court advising that he was "done amending, adding and or modifying my 28 U.S.C. § 2255 motion. The United States may submit it's response to all my claims." (Doc. 22). On September 11, 2024, Bettelyoun filed a motion to withdraw his pending verified motion to stay proceeding. (Doc. 26).

## DISCUSSION

### A.   Timeliness of Bettelyoun's § 2255 motion

A one year statute of limitations applies to § 2255 motions, starting on the date a conviction becomes final. 28 U.S.C. § 2255(f). Bettelyoun was sentenced on July 8, 2022, and the judgment on his conviction was filed that day. He did not appeal. Thus, his conviction became final when the time for filing a direct appeal expired, on July 22, 2022, which was fourteen days after the judgment was entered. See Garcia-Navarro v. United States, No. 4:16-CV-04072, 2017 WL 2123935, at *4 (D.S.D. Jan. 24, 2017), report and recommendation adopted, No. 4:16-CV-04072-KES, 2017 WL 2116131 (D.S.D. May 15, 2017) (citing Fed. R. App. P. 4(b)(l)(A)(i)); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (an unappealed federal criminal judgment is final for purposes of § 2255's statute of limitation fourteen days after the judgment is entered).

As noted above, Bettelyoun's conviction became final when the time for filing a direct appeal expired, which was July 22, 2022.  Bettelyoun had one year to file his present § 2255 habeas petition, which was July 22, 2023.  Bettelyoun asserts his petition was filed before July 22, 2023.  (Doc. 1, p. 73).  His motion states it was signed on July 20, 2023, and was placed in the prison mail system on July 21, 2023.  Id. at p. 74.  The motion was not filed in the Clerk's Office until July 24, 2023.  (Doc. 1).

Bettelyoun's motion is timely under the "prison mailbox rule."  Rule 3(d) of the Rules Governing Section 2255 Proceedings provides the following:

> "A paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before 'the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

See Hughbanks v. Dooley, 2011 WL 743574, * 3 fn. 1 (D.S.D. February 23, 2011); see also Grady v. United States, 269 F.3d 913, 917 (8th Cir. 2001) (describing "the prison mailbox rule … later incorporated into Rule 4 of the Federal Rules of Appellate Procedure" and explaining "a prisoner seeking to benefit from [that] rule must satisfy the requirements of Rule 4(c) whether he files a notice of appeal, a habeas petition, or a § 2255 motion").  To invoke the "prisoner mailbox rule," the burden is on the prisoner to demonstrate the timely presentation of the disputed submission to prison authorities for mailing.  Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001).

Here, the declaration signed by Bettelyoun states the date the Motion was deposited in the prison mail system and the first-class postage was prepaid, as required by Rule 3(d) of the Rules Governing Section 2255 Proceedings. Further, Bettelyoun's envelope states the U.S. Postage was paid on July 21, 2023. Bettelyoun established that he is entitled to the benefit of the prison mailbox rule; as such, his § 2255 Motion was timely filed.

B. **Motions to Appoint Counsel**

Prisoners do not have a constitutional right to counsel for a collateral attack on their sentence. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants."). The district court, however, "may appoint counsel for a habeas petitioner when 'the interests of justice so require.' " Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (quoting 18 U.S.C. § 3006A(a)(2)(B)). The interests of justice require appointment of counsel when the district court holds an evidentiary hearing on the petition. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). If no evidentiary hearing is necessary, the appointment is at the discretion of the district court. Id. "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.; see also Abdullah, 18 F.3d at 573 ("If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case,

the appointment of counsel would benefit the petitioner and the court to such an extent that 'the interests of justice so require' it.") (quoting 18 U.S.C. § 3006A(a)(2)).

Here, Bettelyoun's case is in its initial stages. It is not known yet whether an evidentiary hearing will be necessary in this case. Further, Bettelyoun's claims are not so legally or factually complex that he is unable to present them to this Court. See Docs. 1, 8, 10, 16, 18, 19, 20, and 21. As it is premature to determine if an evidentiary hearing is necessary, the interests of justice do not so require appointment of counsel. See Hoggard, 29 F.3d at 471. At this time, the court denies Bettelyoun's motions for court-appointed counsel. (Docs. 17, 23 and 25). Should it later appear an evidentiary hearing is necessary to resolve Bettelyoun's claims for relief, counsel will be appointed at that time.

**C.     Motion to Withdraw and Scheduling Order**

Bettelyoun advised the court that he "is done amending, adding and or modifying his 28 U.S.C. § 2255 motion." (Doc. 22). He further moved to withdraw his verified motion to stay proceedings. (Doc. 26). Good cause appearing, it is

ORDERED that the Motion to Withdraw (Doc. 26) is granted; it is further,

ORDERED that the Motions to Stay Habeas Proceedings (Docs. 1 at pp. 1-12, 8, 10) are denied as moot; it is further,

ORDERED that the Motion for Clarification (Doc. 12) is granted by the following scheduling order:

7

Attorneys Stephen Demik, Shiloh MacNally, Terry Pechota, and Katie Thompson shall, within fourteen (14) days of receiving the Attorney-Client Privilege Waiver form, provide and file with the Clerk an affidavit responding to the specific allegations in the § 2255 Motion as set forth in Doc. 1 at pp. 13-74; Doc. 10-1, Doc. 16 and 16-1, Doc. 17, Doc. 18 and 18-1, Doc. 19 and 19-1, Doc. 20, and Doc. 21 concerning their representation of Petitioner.

The United States shall promptly thereafter serve a copy of the respective attorney's affidavit upon Petitioner.

The United States shall file its response no later than 30 days after the last affidavit has been received.

The Petitioner may file a reply brief within 14 calendar days after service of the responsive brief pursuant to SECT 2255 Rule 5 and D.S.D. Civ. LR 7.1(B).

DATED this 17th day of September, 2024.

BY THE COURT:

_____
Daneta Wollmann
United States Magistrate Judge